# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WENDY ANN SCHULTZ,** : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:17-1602 |
| v. : | |
| : | (Judge Mannion) |
| **BARRY R. SMITH,** : | |
| Respondents : | |

## **MEMORANDUM**

Wendy Ann Schultz, an inmate presently confined in the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). She attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. Id. For the reasons that follow, the Court will dismiss the petition as untimely.

## **I. Background**

The following background has been extracted from the Pennsylvania Superior Court's August 9, 2016 Memorandum Opinion affirming the sentencing court's dismissal of Petitioner's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541 - 9546. (Doc. 11-11 at 1-15).

> Following a jury trial, Schultz was convicted of burglary, conspiracy, robbery, criminal trespass, and related charges based upon her role

in a home invasion in Price Township, Monroe County. Schultz was sentenced on January 24, 2013, to an aggregate term of 10 to 20 years' incarceration. Following a timely appeal, this Court affirmed Schultz's judgment of sentence on February 21, 2014. **See Commonwealth v. Schultz**, 97 A.3d 809 (Pa. Super. 2014) (unpublished memorandum). The Pennsylvania Supreme Court denied Schultz's petition for allowance of appeal on July 25, 2014.

Schultz filed a timely *pro se* PCRA petition on July 16, 2015. The PCRA court appointed counsel, who filed an amended petition and represented Schultz at an evidentiary hearing on September 28, 2015.[1] After the Commonwealth and Schultz filed briefs on the matter, the court dismissed the petition on January 7, 2016. Thereafter, Schultz filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Schultz raises the following issues for our review:

> 1. Was trial counsel ineffective for failing to request a curative instruction following testimony from Trooper Sebastianelli that [Schultz] was given the opportunity to clear her name by taking a polygraph [test]?
>
> 2. Was trial counsel ineffective for failure to raise an alibi defense?

Brief of Appellant, at 5.

(Doc. 11-1 at 1-15). On August 9, 2016, the Pennsylvania Superior Court affirmed the PCRA Court's dismissal of Schultz's PCRA petition. Id. Petitioner

---

1. T. Axel Jones, Esquire, was initial court-appointed counsel. Attorney Jones was administratively suspended following the evidentiary hearing, and Lara M. Kash, Esquire, was appointed to represent Schultz. Attorney Kash continues to represent Schultz on appeal.

2

timely filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on February 22, 2017. See Com. v. Schultz, 657 MAL 2016.

On September 8, 2017, Schultz filed the instant petition for writ of habeas corpus. (Doc. 1, petition).

On November 30, 2017, the Court issued an administrative order with notice of limitations on filing of future motions under 28 U.S.C. §2254. (Doc. 5).

On December 15, 2017, Petitioner returned the Notice of Election, indicating that he wished to have his petition ruled on as filed. (Doc. 6).

On December 28, 2018, the Court issued an Order to show cause. (Doc. 7).

On February 20, 2018, a response to the petition was filed (Doc. 11). No traverse was filed.

By Order dated August 12, 2019, the Court, having reviewed the above captioned action for disposition, and it appearing that the petition may be barred by the statute of limitations, directed the parties to file a memorandum concerning the timeliness of the petition. (Doc. 27).

On August 13, 2019, Respondent filed a memorandum of law, arguing that the petition is untimely. (Doc. 28). No traverse has been filed.

3

**II    Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review.
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state

court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from

5

the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

The Pennsylvania Supreme Court denied allocatur on Petitioner's direct appeal on July 25, 2014. Thus, her conviction became final on October 23, 2014, after 90-days had passed in which he could have petitioned the United States Supreme Court for a writ of certiorari. See Almazan v. Commonwealth of PA, 80

6

F.Supp.3d 602, 605 (E.D.Pa. 2015) (citing Kapral v. United States, 166 F.3d 565 (3d Cir. 1999)). The clock for filing a federal habeas petition began running on October 23, 2014, and petitioner then had one year, or until October 23, 2015, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Schultz filed her PCRA petition on July 16, 2015, the AEDPA's filing period was statutorily tolled with approximately 99 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until February 22, 2017, when the Pennsylvania Supreme Court affirmed the PCRA Court's denial of the petition. Accordingly, the remaining 99 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on February 22, 2017 and expired on May 23, 2017. The instant petition was not filed until September 8, 2017[2], almost four months after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

---

2. Even if this Court were to consider August 29, 2017, the date the petition was signed by Petitioner, as the file date, the petition is still untimely by over three months.

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations

and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Jones, 195 F.3d at 159).

Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

### III. <u>**Certificate of Appealability**</u>

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the

district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 20, 2019**
17-1602-01.wpd